**William M. BRYSON, Jr., Petitioner–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE; et al., Respondents–Appellees.**

**No. 12–17106.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 22, 2014.

William M. Bryson, Jr., pro se.

Bureau of Prisons Regional Counsel, Stockton, CA, Litigation Coordinator, USP–Atwater, Atwater, CA, Mark J. McKeon, Esquire, Assistant U.S., USF–Office of the U.S. Attorney, Fresno, CA, for Respondents–Appellees.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Federal prisoner William M. Bryson appeals pro se from the dismissal of his petition for a writ of audita querela requesting a refund of a $100 special assessment imposed as part of his sentence for money laundering.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a federal prisoner may file a petition for a writ of audita querela, *see United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir.2001) (per curiam), and may affirm on any ground supported by the record, *see Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir.2009).

Bryson contends that he is entitled to a refund because there is insufficient evidence to support his money laundering conviction. Dismissal of the petition was proper because these arguments are cognizable in a 28 U.S.C. § 2255 motion. *See Valdez–Pacheco*, 237 F.3d at 1079–80 (a writ of audita querela is only available to fill in "gaps" in postconviction remedies). That Bryson has already sought habeas relief and is now precluded from filing a section 2255 motion absent authorization from the Court of Appeals does not make a writ of audita querela available to him. *See id.* at 1080.

---

1. The district court's order erroneously states that Bryson filed a habeas petition under 28 U.S.C. § 2241. However, the magistrate judge's findings and recommendation, which were adopted in full, accurately describe and analyze Bryson's filing as a petition for a writ of audita querela.

We do not consider Bryson's additional arguments. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam) (this court does not consider arguments raised for the first time on appeal or in the reply brief).

Bryson's motion to strike the answering brief is denied.

**AFFIRMED.**